**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| GERRY SEABOLDT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 07-CV-00694-DW |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO REMAND**

NOW COMES Plaintiff Gerry Seaboldt and for his Motion to Remand this cause of action to the Circuit Court of Jackson County states as follows:

## I. BACKGROUND

This is a civil action, Case No. 0716-CV21575, of which the Circuit Court of Jackson County, Missouri had original jurisdiction pursuant to Sections 506.500 R.S.Mo. and 508.010 R.S.Mo., and with which Defendant was served on or about August 15, 2007. This action was brought against Defendant Universal Underwriters Insurance Company (hereinafter "Defendant Universal") directly by Plaintiff to recover uninsured and underinsured motorist benefits he may have available to him arising out of an automobile collision. Plaintiff Gerry Seaboldt was a resident of the State of Missouri at the time of the accident forming the basis of this legal action and at the time of filing this cause of action.

The Defendant Universal filed in the United States District Court for the Western District of Missouri a Notice of Removal on the 14th day of September, 2007. Defendant Universal stated in its Notice of Removal that pursuant to the provisions of 28 U.S.C. §§ 1441, this civil action should be removed to this Court because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. (See Defendant Universal's Notice of Removal to the United States District Court for the Western District of Missouri).

## II. APPLICABLE STANDARDS

### A. Motions to remand

Statutes permitting the removal of cases from state to federal court are to be "given strict construction in favor of state court jurisdiction." Couch v. White Motor Co., 290 F. Supp. 697, 699 (W.D. Mo. 1968). See also Foslip Pharm., Inc., v. Metabolife Int'l, Inc., 92 F. Supp. 2d 891, 901 (N.D. Iowa 2000) ("The court's removal jurisdiction must be strictly construed."). Moreover, the party seeking removal and opposing remand has the burden of establishing that federal jurisdiction exists. See, e.g., In re Business Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). This is a substantial burden. The Court is "required to resolve all doubts about federal jurisdiction in favor of remand." Id.; see also Transit Cas. Co. v. Certain Underwriters, 119 F.3d 619, 625 (8th Cir. 1997); Iowa Pub. Serv. Comm'n v. Medicine Bow Coal Co., 556 F.2d 400, 406 n.6 (8th Cir. 1977).

### B. Removal jurisdiction

28 U.S.C. § 1441 sets forth specific conditions that must be satisfied before a federal court may exercise jurisdiction over a case that has been removed from state court. Under § 1441(b), a civil case that does not arise under federal law "shall be removable **only if** none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added). This section makes removal jurisdiction "narrower" than original diversity jurisdiction. A defendant may not remove a case to federal court on diversity grounds if any defendant is a citizen of the forum state, even if there is complete diversity. Hurt v. Dow Chem. Co., 963 F.2d, 1142, 1145 (8th Cir. 1992). If the statutory requirements for removal jurisdiction have not been satisfied, then the Court has no jurisdiction, and the case must be remanded to state court. Id. at 1144.

### C. Insurance company citizenship

Under § 1332 (c)(1), an insurer of a policy or contract of liability insurance being sued in a direct action has three states of citizenships: its place of incorporation, its principal place of business, and the state of its insured's citizenship.

## III. ARGUMENT

Defendant Universal is a Missouri citizen under 28 U.S.C § 1332(c)(1). Therefore, this case cannot be removed, because the Defendant is a citizen of the forum state. Remand to state court is therefore proper under § 1447 (c).

Defendant Universal is a Missouri resident because this cause of action satisfies both statutory requirements of § 1332(c)(1). First, an uninsured motor vehicle claim brought under Missouri law against an insurance carrier is a direct action. See

Cobb v. State Sec. Ins. Co., 576 S.W.2d 726, 733 576 S.W.2d 726 (Mo. 1979) (en banc) ("Since this is an action under an uninsured motorist clause of the insurance policy, the action may be brought **directly against** the company....") (emphasis added). Also, an underinsured claim is a direct action.

Second, Defendant Universal's insured, Gerry Seaboldt, was at all relevant times and is a Missouri citizen, as set forth in the Petition for Damages.

Because Plaintiff's suit against Defendant Universal is a direct action, and because Gerry Seaboldt, Universal's insured, is a Missouri citizen, the Defendant in this case is a citizen of the forum state. Removal is therefore improper. This Court does not have jurisdiction, pursuant to 28 U.S.C. § 1441(b).

WHEREFORE, Plaintiff prays that further proceedings in the United States District Court for the Western District of Missouri be discontinued and that this action be remanded to the Circuit Court of Jackson County, Missouri.

Respectfully submitted,

VON ERDMANNSDORFF, MOWRY AND BARTLETT

BY:/s/ Eric E. Bartlett
STEPHEN L. MOWRY #31237
ERIC E. BARTLETT #45638
5600 N. Antioch Road
Kansas City, MO 64119
(816) 452-1800 Fax: (816) 452-2079
smowry@vmblaw.com; ebartlett@vmblaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Bryan M. Kaemmerer, McCARTHY, LEONARD, KAMMERER, OWEN, McGOVERN, STRILER & MENGHINI, L.C., 400 South Woods Mill Road, Suite 250, Chesterfield, MO 63017, Attorneys for Defendant Universal.

/s/ Eric E. Bartlett
Plaintiff's Attorney