IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| GERRY SEABOLDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 07-CV-00694-DW |
| | ) | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant Universal Underwriters Insurance Company ("Universal"), by and through its undersigned counsel, and for its Memorandum in Opposition to Plaintiff's Motion to Remand in the above-captioned matter, states as follows:

## FACTS

Plaintiff originally filed this action in State Court to recover the proceeds of an uninsured/underinsured motorist policy under which he qualified as an insured. Defendant timely filed a removal to this Court. Plaintiff now seeks remand to State Court on the basis that this litigation constitutes a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) so as to make Defendant a citizen of the State of Missouri which would purportedly destroy diversity jurisdiction. Plaintiff's argument is easily dismissed.

## LEGAL ARGUMENT

The relevant portion of section 1332(c)(1) provides as follows:

> in any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Plaintiff's Motion to Remand is premised upon his belief that any action that may be brought directly against an insurance company constitutes a "direct action" within the meaning of § 1332(c)(1). Plaintiff fails to cite any authority for such an expansive reading of the statute; to the contrary, Plaintiff's interpretation is not the law.

Rather, courts have uniformly recognized this provision "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." Home Indemnity Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974). Courts have further recognized that in employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979)(quotation omitted).

Thus, a direct action does not exist when a plaintiff sues his or her own insurance company because they are not suing a tortfeasor's insurer directly for the tortfeasor's negligence. Bucey v. Washington Nat. Life Ins. Co., 2006 WL 1495077 at *1 (W.D.Mo. 2006). Consequently, an action brought by an insured against their own insurance carrier is not a "direct action" within the meaning of § 1332(c)(1), and insurer is not deemed to be a citizen of the state of its insured.

Particularly relevant for the present Motion are the Court's holdings in Antonacci v. State Farm Mutual Ins. Co., 2006 WL 568344 (E.D. Mo. 2006)(denying motion to remand) and Niesman v. Cincinatti Ins. Co., 2006 WL 27213 (E.D. Mo. 2006)(same) that an uninsured motorist claim against his insurance company are not direct actions. These cases are squarely on point. Plaintiff has not, and cannot, cite any analogous authority to the contrary.

WHEREFORE, Defendant Universal requests that the Court deny Plaintiff's Motion to Remand, and for such other and further relief as the Court deems just and appropriate.

McCARTHY, LEONARD, KAEMMERER, OWEN,
McGOVERN, STRILER & MENGHINI, L.C.

BY: /s/ Bryan M. Kaemmerer
Brian E. McGovern, #3804
Bryan M. Kaemmerer, #498692
400 South Woods Mill Road, Suite 250
Chesterfield, MO 63017
(314) 392-5200
(314) 392-5221 (Fax)

Attorneys for Defendant Universal

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of October 2007, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following:

Stephen L. Mowry, Esq.
Eric E. Bartlett, Esq.
Von Erdmannsdorff, Mowry and Bartlett
5600 N. Antioch Road
Kansas City, MO 64119
Attorneys for Plaintiff

/s/ Bryan M. Kaemmerer